O

# United States District Court
# Central District of California

VAMSHI KRISHNA VEMULA et al.,

　　　　　Plaintiffs,

　　v.

TRACY TARANGO et al.,

　　　　　Defendants.

Case № 2:26-cv-00652-ODW (SKx)

**ORDER DENYING MOTION TO DISMISS [12]**

## I.　　INTRODUCTION

Plaintiffs Vamshi Krishna Vemula and Nikhitha Thammana bring this action to compel Defendants Joseph Edlow as Director of United States Citizenship and Immigration Services ("USCIS") and Tracy Tarango as Director of USCIS's California Field Office to adjudicate their permanent residence applications. (Compl. ¶ 1, Dkt. No. 1.)  Defendants now move to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction and failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(1) and (6) (Mot. Dismiss ("Motion" or "Mot.") 1, Dkt. No. 12.)  For the reasons stated below, the Court **DENIES** Defendants' Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.    BACKGROUND[2]

Plaintiffs are Indian nationals and residents of Cartersville, Georgia. (Compl. ¶¶ 12–13.) In 2023, after making a sizable investment in a mixed-use project located in Georgia, Vemula filed a Form I-526E, Immigrant Petition by Alien Investor. (*Id.* ¶ 2.) The petition provides foreign nationals with a pathway to adjustment of status and permanent residency. (*Id.* ¶ 25.) On April 11, 2025, USCIS approved Vemula's I-526E petition. (*Id.* ¶ 3.)

Following this approval, on May 15, 2025, Vemula and Thammana both filed a Form I-485, Application to Register Permanent Residence or Adjust Status. (*Id.* ¶¶ 4–5.) Both concurrently filed Applications for Employment Authorization ("Form I-765") and Applications for Travel Authorization ("Form I-131"). (*Id.*) On October 3, 2025, USCIS granted Plaintiffs' I-765 and I-131 applications. (*Id.* ¶¶ 6–7.) However, USCIS has not yet adjudicated Plaintiffs' I-485 applications. (*Id.* ¶ 8.)

On January 22, 2026, Plaintiffs filed this action seeking declaratory relief and a writ of mandamus to compel USCIS to adjudicate their I-485 applications. (*Id.*, Prayer for Relief.) Specifically, Plaintiffs allege that Defendants violated the Administrative Procedures Act ("APA") and Immigration and Nationality Act ("INA") by unreasonably delaying the adjudication of their I-485 applications. (*Id.* ¶¶ 65–74.)

Defendants now move to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim under Rule 12(b)(1) and (6). (Mot. 1.)

## III.    LEGAL STANDARD

### A.    Rule 12(b)(1)—Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to Rule 12(b)(1), a party may move to dismiss

---

[2] All factual references derive from Plaintiffs' Complaint or attached exhibits, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

based on a court's lack of subject matter jurisdiction. A Rule 12(b)(1) jurisdictional challenge can be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citation modified). A factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* The party attempting to invoke a court's jurisdiction bears the burden of proof for establishing jurisdiction. *See Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).

**B.       Rule 12(b)(6)—Failure to State a Claim**

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV.    DISCUSSION

Defendants move to dismiss on two grounds: (1) the Court lacks subject matter jurisdiction under 8 U.S.C. § 1252(a)(2)(B), and (2) Plaintiffs fail to state a plausible claim for unreasonable delay under the APA. (Mot. 1.)

## A.    Subject Matter Jurisdiction

Defendants argue that the INA "strips [the Court] of jurisdiction over USCIS's pace of adjudication of Plaintiffs' I-485 applications." (*Id.* at 5–10.) Defendants point to 8 U.S.C. § 1252(a)(2)(B), which provides that "no court shall have jurisdiction to review" any decision or action "of the Attorney General or Secretary of Homeland Security the authority for which is specified . . . to be in the discretion of the Attorney General or Secretary of Homeland Security." (Mot. 5.) Pointing to out-of-circuit cases, Defendants argue that USCIS's pace of adjudication is discretionary, and thus, the Court does not have jurisdiction to hear challenges to its pace of adjudication. (*Id.* at 5–10.)

Neither the Supreme Court nor the Ninth Circuit has directly addressed whether § 1252(a)(2)(B)'s jurisdictional bar includes challenges to pace of adjudication. However, while the Court acknowledges that certain circuit courts have held otherwise, the Court today follows "the majority of district courts in the Ninth Circuit" that hold "the government has a non-discretionary duty to adjudicate petitions

4

for adjustment of status within a reasonable period of time and that courts have jurisdiction to review the Government's failure to do so." *Varniab v. Edlow*, No. 25-cv-10602-SVK, 2026 WL 485490, at *8 (N.D. Cal. Feb. 20, 2026) (citation modified). While Defendants are correct that the decision to grant or deny an I-845 application rests completely within the sound discretion of the Secretary of Homeland Security, the Secretary cannot refuse to act. *Singh v. Still*, 470 F. Supp. 2d 1064, 1067 (N.D. Cal. 2007) ("[T]here is a difference between the INS's discretion over *how* to resolve an application and the INS's discretion over *whether* it resolves an application."); *see also Nawaz v. Rubio*, No. 2:24-cv-10983-HDV (SKx), 2025 WL 1091548, at *3 (C.D. Cal. Mar. 4, 2025) ("It is pellucidly clear that there is a nondiscretionary duty to adjudicate completed visa applications.").

Thus, the Court concludes that Defendants have a discrete "duty to adjudicate applications like Plaintiffs'." *Gogate v. Edlow*, No. 8:25-cv-02558-DOC (KESx), 2026 WL 165812, at *4 (C.D. Cal. June 5, 2026). As Plaintiffs allege that Defendants have failed to fulfill this discrete duty, Plaintiffs' claims are properly within this Court's jurisdiction. *Viet. Veterans of Am. v. CIA*, 811 F.3d 1068, 1075 (9th Cir. 2016) (holding that courts may compel agency action if there is a "'specific, unequivocal command' placed on the agency to take a 'discrete agency action,' and the agency has failed to take that action").

**B.    Unreasonable Delay Under the APA**

Next, Defendants move to dismiss the Complaint for failure to state a claim under the APA and the Mandamus Act. (Mot. 10–21.) Specifically, Defendants argue that Plaintiffs fail to allege facts that establish an unreasonable delay.[3] (*Id.* at 12–21.)

---

[3] Defendants also argue that Plaintiffs fail to allege a discrete action that USCIS was required to take. (Mot. 10–12.) However, the Court already concludes, for the purposes of its jurisdiction, that USCIS has a discrete duty to adjudicate applications. *See Gogate*, 2026 WL 165812, at *4 (concluding that USCIS has a discrete duty to adjudicate I-485 applications). Thus, the Court need not re-address this argument and declines to dismiss on this basis.

"To determine whether an agency's delay is unreasonable, courts in the Ninth Circuit apply the six-factor test articulated in *Telecommunications Research and Action Center v. F.C.C.*, 750 F.2d 70 (D.C. Cir. 1984), commonly referred to as the '*TRAC* test.'"    *Tamjidi v. Blinken*, No. 8:24-cv-00403-HDV (JDEx), 2024 WL 4328813, at *5 (C.D. Cal. Aug. 27, 2024); *Vaz v. Neal*, 33 F.4th 1131, 1137 (9th Cir. 2022) (applying *TRAC* factors).    The *TRAC*-factors are fact-intensive, and many district courts have found it inappropriate and premature to weigh them on a motion to dismiss.    *See, e.g.*, *Tamjidi*, 2024 WL 4328813, at *5 (C.D. Cal. Aug. 8, 2024) (collecting cases declining to conduct *TRAC* analysis at motion-to-dismiss stage). Other district courts have proceeded with the *TRAC* analysis on a motion to dismiss. *See, e.g.*, *Aminzadeh v. Blinken*, No. 2:24-cv-02025-DSF (MRWx), 2024 WL 3811153, at *6–8 (C.D. Cal. Aug. 9, 2024) (evaluating and balancing the *TRAC* factors in ruling on motion to dismiss).    The Court agrees with the former reasoning and saves the *TRAC* test for a later day—the Court declines to rule as a matter of law whether the *TRAC* test is satisfied at this early stage.

As such, Plaintiffs need only to allege a legally cognizable theory and offer non-conclusory factual allegations sufficient to support that theory.    *Iqbal*, 556 U.S. at 681.    Plaintiffs have done so.    Though Congress has stated that "immigration benefit application[s] should be completed not later than 180 days after the initial filing of the application," 8 U.S.C. § 1571(b), Plaintiffs allege that USCIS has not yet adjudicated their I-485 applications over a year after Plaintiffs filed them, (*see* Compl. ¶¶ 4–5).    Thus, Plaintiffs adequately allege that Defendants have unreasonably delayed processing Plaintiffs' applications.    *See Li v. Blinken*, No. 8:23-cv-02142-DOC (KESx), 2024 WL 2107341, at *3 (C.D. Cal. Apr. 4, 2024) (finding plaintiff plausibly alleged unreasonable delay outside of *TRAC* where processing of visa application took six months longer than defendants represented).

## V.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendants' Motion to Dismiss.  (Dkt. No. 12.)

**IT IS SO ORDERED.**

July 30, 2026

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**